NOT DESIGNATED FOR PUBLICATION

No. 127,161

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BLAKE MATTHEW LUNDBERG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Bourbon District Court; ANDREA PURVIS, judge. Opinion filed February 14, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM:  In January 2023, the district court sentenced Blake Matthew Lundberg for a severity level 3 drug felony. Lundberg's criminal history score was E, and he received an aggravated imprisonment term of 62 months. But the court suspended his sentence and granted a dispositional departure to probation of 36 months. In August 2023, the State moved to revoke Lundberg's probation. The district court granted the State's motion, revoking his probation and imposing a modified sentence.

On appeal, Lundberg moved for summary disposition under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State does not oppose summary disposition of the issues. Lundberg argues the district court abused its discretion when it revoked his probation and ordered service of a modified prison term of 48 months. At his

1

probation revocation hearing, Lundberg testified to the mitigating circumstances of his violations and how further probation could help him achieve sobriety. The State argues the district court's decision to rely on Lundberg's admissions to his intensive supervision officer (ISO) supports a finding that the district court did not abuse its discretion.

Because the district court was within its discretion to revoke Lundberg's probation once it found Lundberg had violated his probation conditions, we affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

The State originally charged Lundberg with four drug related crimes that occurred in May 2022. It amended its charges and charged Lundberg with unlawful cultivation or distribution of controlled substances, unlawful possession of controlled substances, and two counts of unlawful possession of drug paraphernalia.

The State and Lundberg reached a plea agreement. Lundberg pled guilty to unlawful cultivation or distribution of controlled substances (methamphetamine) in violation of K.S.A. 21-5705(a)(1), (d)(3)(B), a severity level 3 drug felony. And the State dismissed the other counts.

Before sentencing, Lundberg filed a motion for downward dispositional departure requesting that the district court grant probation. On January 19, 2023, the district court sentenced Lundberg for the primary offense of unlawful cultivation or distribution of methamphetamine in violation of K.S.A. 21-5705(a)(1) and (d)(3)(B). The court noted that Lundberg had a criminal history score of E, which placed him in the 3-E grid box on the drug sentencing guidelines. Because of this, the court sentenced him to an aggravated sentence of 62 months. The court suspended his sentence, granted his motion to depart, and placed Lundberg on probation for 36 months with community corrections.

2

In August 2023, the State moved to revoke Lundberg's probation. Among the alleged probation violations cited by the State were Lundberg's failure to show at an appointment, a signed admission of methamphetamine usage, a urine sample positive for methamphetamine, and a failure to show for drug treatment. The State also submitted an amended affidavit alleging, among other things, Lundberg's failure to report and cooperate with his ISO, and his failure to remain within a specified 50-mile radius of his residence.

On September 26, 2023, the district court held a revocation hearing. At the hearing, the State presented testimony from three witnesses and Lundberg presented testimony from two witnesses in addition to his own testimony. Lundberg's ISO testified that Lundberg violated his probation by fleeing or eluding law enforcement, interfering with law enforcement, and driving without a valid license. The ISO also testified that Lundberg admitted to him that he used methamphetamine and tested positive for methamphetamines. And Lundberg informed his ISO about a urine sample testing positive for methamphetamine. The district court also heard testimony from a police officer stating that the officer tried to pull over Lundberg while driving, but Lundberg fled.

After the State's witnesses testified, the district court heard testimony from a case manager at Southeast Kansas Adult Health Center who worked with Lundberg. The case manager testified about the type of treatment Lundberg sought and received. Lundberg then called a licensed drug and alcohol counselor to testify who had worked with Lundberg. This counselor testified that Lundberg had been receptive to help and engaged, but the counselor also admitted there was a potential that Lundberg was not staying clean from drugs.

3

Lundberg testified next. Lundberg explained that he had missed a meeting with his ISO because he overslept. He also explained to the district court that he has had success with sobriety from methamphetamine, and he has done "pretty well."

After hearing the testimony, the State requested Lundberg's probation be revoked. Conversely, Lundberg's counsel maintained that further probation would help Lundberg. Lundberg pled for the district court's sympathy by stating, "I will admit to you, I have had some defaults along the way. . . . And so I feel like I have done pretty good of taking advantage of the resources and I continue to do that." After considering the testimony, the district court revoked Lundberg's probation and ordered him to serve a modified sentence of 48 months.

Lundberg appeals the district court's revocation.

REVIEW OF LUNDBERG'S APPELLATE CHALLENGE

*Did the district court abuse its discretion when it revoked Lundberg's probation and imposed a modified prison sentence?*

Lundberg argues the district court abused its discretion when it revoked his probation and imposed a modified prison sentence. Lundberg does not provide a reason why the district court abused its discretion.

*Standard of review*

If there is evidence of a probation violation, it is generally within the discretion of the district court to revoke probation and impose the original sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Under K.S.A. 22-3716(c)(7)(B), a district court may revoke probation where originally probation was granted because of a dispositional departure. And under K.S.A. 22-3716(c)(7)(B), a court may revoke probation without

prior sanctions if the defendant's probation was originally granted as a result of a dispositional departure like here.

Appellate courts review a district court's probation revocation for abuse of discretion. *Tafolla*, 315 Kan. at 328. A court abuses its discretion if the judicial decision is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) based on an error of fact. The party raising abuse of discretion bears the burden of establishing it. 315 Kan. at 328. Because Lundberg argues the district court made an error in its discretion, he bears the burden.

*The district court did not abuse its discretion when it revoked Lundberg's probation and imposed a modified prison sentence.*

On appeal, Lundberg does not explain why the district court abused its discretion in revoking his probation. We note that at the revocation hearing, Lundberg argued that he had been successful before with community corrections and that he believed in the programs that could make him better. Lundberg's counsel advocated that Lundberg could continue to work through drug treatment programs and requested additional probation.

The State contends that Lundberg's admission to his ISO about using illicit substances in violation of his probation shows that the district court did not abuse its discretion. The State also concludes that Lundberg's own "admissions ground[ed] the trial court's decision in reality," which means this decision was not arbitrary, fanciful, or unreasonable, and it was not based on an error of law or fact.

While neither party articulates this point, the district court had granted a dispositional departure in the original sentence to a probation. This means that the district court, by statute, was not required to follow the revocation intermediate sanction scheme. See K.S.A. 22-3716(c)(7)(B). And the district court by a preponderance of the evidence

found Lundberg violated the terms of his probation and that he committed new crimes while on probation. See K.S.A. 22-3716(c)(7)(C).

Thus, the district court did not abuse its discretion because its decision was not arbitrary, fanciful, or unreasonable, and it was not based on an error of law or fact. See *Tafolla*, 315 Kan. at 328.

Affirmed.